COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        William David Golden v. State of Texas

Appellate case number:     01-12-00735-CV

Trial court case number:   0833634

Trial court:                      269th District Court of Harris County

Appellant, William David Golden, has filed a "Second Motion for Extension of Time to File Appellant's Brief on Appeal." In his motion, Golden states that "he will need to supplement the appellate record to include the statement of facts of the Court Reporter received after the filing of the Clerk's record on March 8, 2013" and requests that we grant him an extension of time to file his brief and for "Ordering the [trial court clerk] to supplement the Clerk's record with the statement of facts of [the court reporter's] Official Court Reporter's record of the April 2, 2009 hearing, Motion for a Continuance Request for Teleconferencing Trial, letters, submissions, docket sheets, etc." or, in the alternative, that we stay the appeal until a supplemental clerk's record is filed. We grant the motion in part and deny the motion in part.

To the extent Golden is seeking supplementation of the clerk's record with the "Motion for a Continuance Request for Teleconferencing", we grant the motion. To the extent he seeks supplementation with "letters, submissions, docket sheets, etc.", we deny the motion for lack of specificity, as the request fails to "specifically describe the item so that the clerk can readily identify it." *See* TEX. R. APP. P. 34.5(b)(2). To the extent Golden seeks supplementation with the court reporter's statement of facts from the April 2, 2009 hearing, we dismiss the request as moot, because the court reporter has already filed the reporter's record of said hearing. *See* TEX. R. APP. P. 34.1 (appellate record consists of clerk's record and reporter's record); 35.3(b) (court reporter is responsible for filing reporter's record).

Further, because the clerk's record is not yet complete, Golden's appellate brief is not yet due. *See* TEX. R. APP. P. 38.6(a) (setting deadline for filing appellant's brief at 30 days after complete appellate record is filed). Therefore, we dismiss Golden's request for extension of time to file his brief as moot.

Finally, we order the trial court clerk to prepare, at no cost to Golden, a supplemental clerk's record containing the "Motion for a Continuance Request for Teleconferencing" (image number 52141923). *See* TEX. R. APP. P. 34.5(c)(1). The supplemental clerk's record shall be filed in the First Court of Appeals within 10 days of the date of this notice.

Golden's brief is ordered to be filed with this Court within 30 days after the date the supplemental clerk's record is filed.[1]  *See* TEX. R. APP. P. 38.6(a).  Appellee's brief, if any, must be filed within 30 days after the date Golden's brief is filed.  *See* TEX. R. APP. P. 38.6(b).

It is so ORDERED.


Judge's signature: /s/ Jim Sharp

        X  Acting individually     ☐  Acting for the Court


Date:  May 15, 2013

---

[1]  In his motion for extension, Golden states that he "is in the preparation of his Objections [sic] to the trial court's records and docketing that has several omissions . . . [i]ncluding Motion to Supplement the Appellate Record, Notice of the assignment of the visiting Judge PK Reiter, Notice of exchange benches or assignment to the 133rd Judicial District Court of Harris County Texas, docket it [sic] control and assignment to the 127th Judicial District Court of Harris County, Texas."  Golden is entitled to direct the trial court clerk to supplement the clerk's record with these or any other documents he wishes to have included in the clerk's record, so long as the request is specific, and any supplemental clerk's record will become part of the appellate record in this case.  *See* TEX. R. APP. P. 34.5(b)(2), (4), (c)(1), (3).  Nevertheless, because none of these documents were timely designated for inclusion in the clerk's record before the clerk's record was prepared and filed, the deadline by which Golden must file his brief will not be extended based on any future requests to supplement the clerk's record.  *See* TEX. R. APP. P. 34.5(b)(1) (permitting party to designate items to be included in clerk's record prior to preparation of clerk's record), 38.6(a) (setting deadline for filing appellant's brief based upon filing of clerk's record).